1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                      EASTERN DISTRICT OF WASHINGTON

7    UNITED STATES OF AMERICA,              )
                                            )    NO.      CR-06-6033-WFN-1
8                         Plaintiff,        )
                                            )
9         -vs-                              )    ORDER
                                            )
10   ARTURO MEDINA-CISNEROS,                )
                                            )
11                        Defendant.        )
                                            )
12   ─────────────────────────────────     )

13        A first pretrial conference and motion hearing was held September 6, 2006.  The

14   Defendant, who is in custody, was present and represented by Kurt Rowland and assisted by

15   Court-appointed interpreter Carlos Radillo; Assistant United States Attorney Jane Kirk

16   represented the Government.

17        Pending before the Court was Defendant's Motion to Dismiss [Indictment], filed

18   August 16, 2006 (Ct. Rec. 16).  The Court also addressed the Defendant's oral motion to

19   continue the trial.  The Court has reviewed the file and is fully informed. This Order is entered

20   to memorialize and supplement the oral rulings of the Court.  Accordingly,

21        **IT IS ORDERED** that:

22        1.  Defendant's Motion to Dismiss [Indictment], filed August 16, 2006, **Ct. Rec. 16**,

23   is **DENIED**.  The Court finds that the reinstatement procedure that occurred on June 18, 2004

24   is not *ultra vires* in the Immigration and Nationality Act.

25             On November 18, 2004, the Ninth Circuit held that the INS practice of having an

26   immigration official rather than an immigration judge make the ultimate decision as to

ORDER - 1

whether to issue a reinstatement order was *ultra vires*.  *See Morales-Izquierdo v. Ashcroft*, 388 F.3d 1299, 1305 (9th Cir. 2004) (holding that an immigration judge must conduct all proceedings for deciding the inadmissability or deportability of an alien).  On September 15, 2005, the Circuit granted a rehearing en banc.  *Morales-Izquierdo v. Gonzales*, 423 F.3d 1118 (9th Cir. 2005).  In so doing, the Circuit stated that "the three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court."  *Id*. at 1118-19.  The Circuit has yet to issue its en banc decision.

At issue in the *Morales-Izquierdo* case, as well as Defendant's case, is 8 CRF § 241.8, implemented by the Bureau of Immigration and Customs Enforcement, which states that if an alien reenters the U.S. after having been removed, or having departed voluntarily while under an order of exclusion, deportation, or removal, he or she shall be removed from the U.S. by reinstating the prior order.  The regulation states that the alien has no right to a hearing before an immigration judge in such circumstances.  Even though Defendant cannot rely on *Moralez-Izquierdo* for precedent, he is making the same argument that was set forth in *Moralez-Izquierdo*, that is, the reinstatement order was not valid because it was not issued by an immigration law judge.

The First, Eighth and Eleventh Circuits have rejected the *ultra vires* argument and concluded that the regulation is a reasonable interpretation of the Immigration and Nationality Act.  *See De Sandoval v. U.S. Attorney General,* 440 F.3d 1276, 1281 (11th Cir. 2006)(joining the First and Eighth Circuits)*; Ochoa-Carrillo v. Gonzales*, 437 F.3d 842, 846 (8th Cir. 2005) (citations omitted); *Lattab v. Ashcroft*, 384 F.3d 8 (1st Cir. 2004) (concluding that the statute is ambiguous and upholding 8 C.F.R. § 241.8 as a reasonable interpretation of the statute).  The Sixth Circuit, in an unpublished decision, also reached the same result. *See Tilley v. Chertoff*, 144 Fed. Appx. 536, 540 (6th Cir. 2005).   The weight of authority thus is against the Defendant on the *ultra vires* argument.

ORDER - 2

2.   All time from the filing of Defendant's Motion to Dismiss on August 16, 2006 to the date of the hearing on September 6, 2006 is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(F).

3.   Defendant's oral motion to continue trial is **GRANTED**.

The Court finds that the ends of justice served by the granting of a continuance of the trial in this matter outweigh the best interests of the public and the Defendant in a speedy trial.  A trial date of September 25, 2006 would unreasonably deny defense counsel adequate time to review the case and determine if the Defendant will qualify for the fast track program and provide effective assistance of counsel, taking into account the exercise of due diligence.

4.   The original trial date of September 25, 2006, is **STRICKEN and RESET to October 16, 2006, at 1:00 p.m., in Richland,** Washington.

5.   All time from the trial date of September 25, 2006, to the new trial date of October 16, 2006, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(8)(A).  The Defendant has signed a waiver of his speedy trial rights.

6.   The final pretrial conference of September 25, 2006, is **STRICKEN and RESET to October 16 2006, at 11:00 a.m., in Richland**, Washington.

7.   Trial briefs, motions in limine, requested voir dire, witness and exhibit lists, and a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before **October 2, 2006**.

Jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim, any necessary definitions and a proposed verdict form.

The Joint Proposed Jury Instructions shall include:

(a)   The instructions on which the parties agree; and

(b)   Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree).  All jury instructions from the most

current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

Each party shall address any objections they have to instructions proposed by any other party in a memorandum. The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection. Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection. Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

8. An additional pretrial conference and motion hearing shall be held **September 28, 2006, at 3:15 p.m., in <u>Yakima,</u>** Washington.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 11th day of September, 2006.

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

09-08

ORDER - 4